IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

| | |
|---|---|
| **TENRGYS, LLC** | **CASE NO. 21-01515-JAW** |
| **TELLUS ENERGY, LLC** | **CASE NO. 21-01516-JAW** |
| **TOP TEN HOLDINGS, LLC** | **CASE NO. 21-01517-JAW** |
| **TREETOP MIDSTREAM SERVICES, LLC** | **CASE NO. 21-01518-JAW** |
| **ACADIANA MINERAL OWNERS, LLC** | **CASE NO. 21-01519-JAW** |
| **ANTIOCH PIPELINE COMPANY, LLC** | **CASE NO. 21-01546-JAW** |
| **BAX, LLC** | **CASE NO. 21-01520-JAW** |
| **BOE, LLC** | **CASE NO. 21-01521-JAW** |
| **BGGCO, LLC** | **CASE NO. 21-01537-JAW** |
| **BT LANDS, LLC** | **CASE NO. 21-01538-JAW** |
| **BXO LANDS, LLC** | **CASE NO. 21-01539-JAW** |
| **COHAY CONSERVATION AREA, LLC** | **CASE NO. 21-01540-JAW** |
| **COHAY WILDLIFE, LLC** | **CASE NO. 21-01541-JAW** |
| **EUTAW VENTURES, LLC** | **CASE NO. 21-01522-JAW** |
| **GREENLEAF CO2 SOLUTIONS, LLC** | **CASE NO. 21-01542-JAW** |
| **HIGHLAND COLONY CAPITAL, LLC** | **CASE NO. 21-01543-JAW** |
| **JURASSIC SEISMIC COMPANY** | **CASE NO. 21-01549-JAW** |
| **LASO, LLC** | **CASE NO. 21-01523-JAW** |
| **LEAF RIVER LAND CO., LLC** | **CASE NO. 21-01544-JAW** |
| **NOMS, LLC** | **CASE NO. 21-01524-JAW** |
| **NORTH COHAY, LLC** | **CASE NO. 21-01525-JAW** |
| **PCE, LLC** | **CASE NO. 21-01526-JAW** |
| **RFND, LLC** | **CASE NO. 21-01527-JAW** |
| **RFS, LLC** | **CASE NO. 21-01528-JAW** |
| **SNPI, LLC** | **CASE NO. 21-01529-JAW** |
| **SOUTH COHAY, LLC** | **CASE NO. 21-01530-JAW** |
| **STP VENTURES, LLC** | **CASE NO. 21-01531-JAW** |
| **TALLAHALA EXPLORATION, LLC** | **CASE NO. 21-01532-JAW** |
| **TELPICO USA, LLC** | **CASE NO. 21-01533-JAW** |
| **TC ENERGY, LLC** | **CASE NO. 21-01534-JAW** |
| **TPCO, LLC** | **CASE NO. 21-01545-JAW** |
| **WCOA, LLC** | **CASE NO. 21-01535-JAW** |
| **WYC LANDS, LLC** | **CASE NO 21-01547-JAW** |
| **XLAKE PIPELINE COMPANY, LLC** | **CASE NO. 21-01548-JAW** |
| **DEBTORS** | **CHAPTER 11** |

**EMERGENCY MOTION FOR JOINT ADMINISTRATION**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion").

**Relief Requested**

1. By this Motion, the Debtors seek entry of an order (the "Order") directing procedural consolidation and joint administration of the above-captioned chapter 11 cases (collectively, the "Bankruptcy Cases"), and granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Tenrgys, LLC and that the cases be administered under a consolidated caption, as follows:

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---:|
| IN RE: TENRGYS, LLC, *et al.*,[1] | CASE NO. 21-01515-JAW |
| DEBTORS (Jointly Administered) | CHAPTER 11 |

---

2. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Tenrgys, LLC to reflect the joint administration of these Bankruptcy Cases:

> An order has been entered in accordance with Fed. R. Bankr. P. 1015(b) and Miss. Bankr. L.R. 1015-1 directing joint administration for procedural purposes only of the chapter 11 cases of: *In re Tenrgys, LLC*, No. 21-01515-JAW; *In re Tellus Energy, LLC*, No. 21-01516-JAW; *In re Top Ten Holdings, LLC*, No. 21-01517-JAW; *In re Treetop Midstream Services, LLC*, No. No. 21-01518-JAW; *In re Acadiana Mineral Owners, LLC*, No. 21-01519-JAW; *In re Antioch Pipeline Company, LLC*, No. 21-01546-JAW; *In re BAX, LLC*, No. 21-01520-JAW; *In re BGGCO, LLC*, No. 21-01537-JAW; *In re BOE, LLC*, No. 21-

---

[1] Jointly administered with *In re Tellus Energy, LLC*, No. 21-01516-JAW; *In re Top Ten Holdings, LLC*, No. 21-01517-JAW; *In re Treetop Midstream Services, LLC*, No. 21-01518-JAW; *In re Acadiana Mineral Owners, LLC*, No. 21-01519-JAW; *In re Antioch Pipeline Company, LLC*, No. 21-01546-JAW; *In re BAX, LLC*, No. 21-01520-JAW; *In re BGGCO, LLC*, No. 21-01537-JAW; *In re BOE, LLC*, No. 21-01521-JAW; *In re BT Lands, LLC*, No. 21-01538-JAW; *In re BXO Lands, LLC*, No. 21-01539-JAW; *In re Cohay Conservation Area, LLC*, No. 21-01540-JAW; *In re Cohay Wildlife, LLC*, No. 21-01541-JAW; *In re Eutaw Ventures, LLC*, No. 21-01522-JAW; *In re Greenleaf CO2 Solutions, LLC*, No. 21-01542-JAW; *In re Highland Colony Capital, LLC*, No. 21-01543-JAW; *In re Jurassic Seismic Company*, No. 21-01549-JAW; *In re LASO, LLC*, No. 21-01523-JAW; *In re Leaf River Land Co., LLC*, No. 21-01544-JAW; *In re NOMS, LLC*, No. 21-01524-JAW; *In re North Cohay, LLC*, 21-01525-JAW; *In re PCE, LLC*, No. 21-01526-JAW; *In re RFND, LLC*, No. 21-01527-JAW; *In re RFS, LLC*, No. 21-01528-JAW; *In re SNPI, LLC*, No. 21-01529-JAW; *In re South Cohay, LLC*, No. 21-01530-JAW; *In re STP Ventures, LLC*, No. 21-01531-JAW; *In re Tallahala Exploration, LLC*, No. 21-01532-JAW; *In re Telpico USA, LLC*, No. 21-01533-JAW; *In re TC Energy, LLC*, No. 21-01534-JAW; *In re TPCO, LLC*, No. 21-01545-JAW; *In re WCOA, LLC*, No. 21-01535-JAW; *In re WYC Lands, LLC*, No. 21-01547-JAW; and *In re Xlake Pipeline Company, LLC*, No 21-01548-JAW.

01521-JAW; *In re BT Lands, LLC*, No. 21-01538-JAW; *In re BXO Lands, LLC*, No. 21-01539-JAW; *In re Cohay Conservation Area, LLC*, No. 21-01540-JAW; *In re Cohay Wildlife, LLC*, No. 21-01541-JAW; *In re Eutaw Ventures, LLC*, No. 21-01522-JAW; *In re Greenleaf CO2 Solutions, LLC*, No. 21-01542-JAW; *In re Highland Colony Capital, LLC*, No. 21-01543-JAW; *In re Jurassic Seismic Company*, No. 21-01549-JAW; *In re LASO, LLC*, No. 21-01523-JAW; *In re Leaf River Land Co., LLC*, No. 21-01544-JAW; *In re NOMS, LLC*, No. 21-01524-JAW; *In re North Cohay, LLC*, No. 21-01525-JAW; *In re PCE, LLC*, No. 21-01526-JAW; *In re RFND, LLC*, No. 21-01527-JAW; *In re RFS, LLC*, No. 21-01528-JAW; *In re SNPI, LLC*, No. 21-01529-JAW; *In re South Cohay, LLC*, No. 21-01530-JAW; *In re STP Ventures, LLC*, No. 21-01531-JAW; *In re Tallahala Exploration, LLC*, No. 21-01532-JAW; *In re Telpico USA, LLC*, No. 21-01533-JAW; *In re TC Energy, LLC*, No. 21-01534-JAW; *In re TPCO, LLC*, No. 21-01545-JAW; *In re WCOA, LLC*, No. 21-01535-JAW; *In re WYC Lands, LLC*, No. 21-01547-JAW; and *In re Xlake Pipeline Company, LLC*, No. 21-01548-JAW. The docket in Case No. 21-01515-JAW should be consulted for all matters affecting this case.

## Jurisdiction and Venue

3. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are Sections 105(a) and 342(c) of the United States Bankruptcy Code, Fed. R. Bankr. P. 1015(b), and Miss. Bankr. L.R. 1015-1.

## Background[2]

4. The Debtors operate an independent oil and natural gas business. Headquartered in Ridgeland, Mississippi, as of September 1, 2021, the Debtors had 11 productive fields and fieldwide units in Mississippi and Louisiana. The Debtors have approximately $129 million of funded debt principal (plus accrued interest), under which Debtor Tenrgys, LLC ("Tenrgys") is the primary borrower and the other Debtors are guarantors.

---

[2] In accordance with Miss. Bankr. L.R. 1015-1, the facts and circumstances supporting this Motion are set forth in the *Declaration of Richard H. Mills, Jr. in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated by reference herein. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

3

5. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Cases"). The Debtors are operating their businesses and managing their properties as debtors in possession under Sections 1107(a) and 1108 of the Bankruptcy Code. Each of the other Debtors has concurrently filed a similar motion requesting procedural consolidation and joint administration of these Bankruptcy Cases under Bankruptcy Rule 1015(b).

### Request for Relief

6. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."[3] The Debtor entities that commenced these Bankruptcy Cases are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure authorize this Court to grant the relief requested herein. Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

7. Joint administration of these Bankruptcy Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these Bankruptcy Cases will affect each Debtor entity. The entry of an order directing joint administration of these Bankruptcy Cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the Southern District of Mississippi and all parties in interest to monitor these Bankruptcy Cases with greater ease and efficiency.

---

[3] Fed. R. Bankr. P. 1015.

4

8.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these Bankruptcy Cases. Accordingly, the Debtors submit that the joint administration of these Bankruptcy Cases is in the best interests of their estates, their creditors, and all other parties in interest.

### Emergency Consideration

9.     In accordance with Miss. Bankr. L.R. 9013-1(f) and (g), the Debtors respectfully request emergency consideration of this Motion under Fed. R. Bankr. P. 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." It is important that the Debtors' Bankruptcy Cases be jointly administered from the outset to facilitate administrative efficiency and avoid confusion early in these Bankruptcy Cases. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

### Notice

10.    The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Mississippi; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) PanAm19 Holdings, LLC, as successor lender and successor administrative agent under Tenrgys's prepetition Second Amended and Restated Credit Agreement (as amended), and counsel thereto; (d) FS/EIG Advisor, LLC, investment adviser to FS Energy and Power Fund, sole stockholder of FSEP

5

Investments, Inc., holder of Tenrgys's prepetition unsecured loan, and counsel thereto; (e) Tellus Operating Group, LLC, an affiliate of the Debtors and the contract operator and manager of the Debtors' businesses and properties; (f) the United States Attorney's Office for the Southern District of Mississippi; (g) the Internal Revenue Service; (h) the Environmental Protection Agency; (i) the Mississippi Department of Revenue; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

**THIS** the 20th day of September, 2021.

        Respectfully submitted,

        /s/ Christopher H. Meredith
        Christopher H. Meredith, MSB No. 103656
        COPELAND, COOK, TAYLOR & BUSH, P.A.
        P.O. Box 6020
        Ridgeland, MS  39158
        Telephone:  (601) 856-7200
        Facsimile:   (601) 856-7626
        cmeredith@cctb.com
        *Counsel for the Debtors*

## **CERTIFICATE OF SERVICE**

Service provided via Notice of Electronic Filing (NEF) through ECF to all parties signed up to receive such notices, including the following:

| | |
|---|---|
| Timothy J. Anzenberger | tim.anzenberger@arlaw.com |
| James A. McCullough, II | jmccullough@brunini.com |
| J. Walter Newman, IV | wnewman95@msn.com |
| United States Trustee | USTPRegion05.JA.ECF@usdoj.gov |

**THIS** the 20th day of September, 2021.

/s/ Christopher H. Meredith
*Of Counsel*